IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MAE F. LANGDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-C-0096 |
| v. ) | |
| ) | |
| GC SERVICES L.P.; ) | |
| DLS ENTERPRISES, INC.; and ) | JURY DEMANDED |
| GC FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1. Plaintiff Mae F. Langdon brings this class action against defendants GC Services Limited Partnership ("GCS"), DLS Enterprises, Inc. ("DLS"), and GC Financial Corporation ("GC Financial"), to recover damages for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. §1692k(d) (Fair Debt Collection Practices Act) and 28 U.S.C. §1331. Venue in this District is proper because defendants do business in this District and defendants' collection letter was received in this District.

### PARTIES

2. Plaintiff, Mae F. Langdon, is an individual who resides in Milwaukee, Wisconsin. She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), in that the debt defendants sought to collect from plaintiff was incurred to pay for a car used for personal, family or

1

household use.

3. Defendant GCS is a partnership entity created under the laws of Delaware and with its principal place of business located at 6330 Gulfton, Houston, Texas 77801. GCS does business in Illinois. The registered agent and office for GCS is CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

4. Defendant DLS, a general partner of GCS, is a Delaware corporation with its principal place of business located at 6330 Gulfton, Houston, Texas 77801. As a general partner of GCS, DLS is liable for the collection activities of GCS. The registered agent and office for DLS is CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

5. Defendant GC Financial, a general partner of GCS, is a Delaware corporation with its principal place of business located at 6330 Gulfton, Houston, Texas 77801. As a general partner of GCS, GC Financial is liable for the collection activities of GCS.

6. GCS is engaged in the business of a collection agency and regularly collects debts incurred for non-business purposes and allegedly owed to others. It claims to be the largest collection agency in the United States and to receive some $7.5 billion in debts for collection each year. GCS is a "debt collector" as defined in 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

7. On or about June 27, 2003, Mae F. Langdon was mailed a collection letter (Exhibit A, attached) by GCS.

8. Exhibit A was the first letter plaintiff received from GCS concerning the debt.

9. On information and belief, Exhibit A was the first letter GCS sent to plaintiff concerning the debt.

10. On information and belief, <u>Exhibit A</u> is a form intended for use by GCS as the first document sent to a debtor.

**<u>VIOLATION ALLEGED</u>**

11. <u>Exhibit A</u> states that the debt in question "has been referred to us for our expedited attention," and that "To avoid further collection activity, send us your payment in full in the enclosed envelope."

12. In fact, all collection activity must also stop if the consumer demands verification of the debt, until verification is provided.

13. The debt verification notice required by 15 U.S.C. §1692g is in faint print on the reverse.

14. The form represented by <u>Exhibit A</u> therefore violates 15 U.S.C. §§ 1692e and 1692g.

15. To contribute to the false sense of urgency, <u>Exhibit A</u> purports to come from a "Collection Manager," Jess Moran.

16. In fact, <u>Exhibit A</u> is a computer generated form dispatched with little or no human intervention.

17. <u>Exhibit A</u> therefore violates 15 U.S.C. §1692e.

**<u>CLASS ALLEGATIONS</u>**

18. Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons with Wisconsin addresses (b) who were sent an initial demand letter in the form represented by <u>Exhibit A</u>, (c) on or after a date one year prior to the filing of this action, and (e) prior to 20 days after the filing of this action.

19. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

20. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the form represented by <u>Exhibit A</u> violates the FDCPA.

21. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

22. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

23. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

    s/ Robert O'Reilly
    Robert O'Reilly

Robert O'Reilly
ADEMI & O'REILLY, LLP

3620 E. Layton Ave.
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
email: roreilly@ademilaw.com

                                                              _____
                                                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL   60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

     Plaintiff demands trial by jury.

                                          S/ Robert O'Reilly_____
                                          Robert O'Reilly

I:\case\gcservices10.816\pleading\cmplt.wpd